UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 7 |
| JOANNE N. LUNN | ) | CASE NO. 19-11275 MSH |
| | ) | |
| Debtor | ) | |
| | | |
| PAULA FRUMAN | ) | |
| | ) | |
| Plaintiff | ) | ADVERSARY PROCEEDING |
| | ) | NO. 19-01092 |
| vs. | ) | |
| | ) | |
| JOANNE N. LUNN | ) | |
| | ) | |
| Defendant | ) | |

**REPLY OF JOANNE N. LUNN TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Whether or not the Defendant, Joanne N. Lunn ("Lunn" or "Defendant") is entitled to have her Motion for Summary Judgment (the "Motion") allowed as a matter of law relies solely on whether or not res judicata requires this Court to determine whether or not the Plaintiff has a nondischargeable final judgment from the Suffolk County Superior Court ("Superior Court") which bars the Plaintiff from relitigating what the Superior Court has already resolved in an attempt to obtain a different result where there are no material facts in dispute.

Pursuant to Plaintiff's Opposition to Defendant's Motion For Summary Judgment (the "Opposition"), the parties are in agreement that at least the following facts are undisputed:

1.  In 2013, Fruman brought suit in Suffolk Superior Court, C.A. No. 1384CV02976, (the "Suit") against Jay Pabian, Pabian & Russell, LLC ("Pabian Defendants") and Joanne Lunn.

1

2. The Suit sought damages for alleged malpractice committed by the Pabian Defendants and for damages caused by "Lunn's Pattern of Fraud in Connection with JT Electronics" (see Exhibit "A", pages 18 - 32).

3. The Suit also sought alleged claims for breach of fiduciary duty, breach of contract and infliction of emotional distress against Lunn (see Exhibit A, pages 34 – 39).

4. Both parties participated in discovery and the trial.

5. After a full trial, the verdict reached by the jury determined that there was a breach of fiduciary duty by Lunn to Fruman which caused the Plaintiff damages amounting to $10,000.00 (see copy of Exhibit "C", page 1).

6. All of the remaining damages in the amount of $350,000.00 was allotted by the jury to the breach of contract claim (see Exhibit "C", page 2).

7. Lastly, the jury decided that there was not intentional infliction of emotional distress caused by Lunn and therefore found no damages for that claim (see Exhibit "C", page 3).

8. Based on these findings, a Judgment on Jury Verdict entered for Fruman on March 8, 2017 in the total amount of $514,369.00 which consists of $360,000.00 in damages plus the remainder for interest and costs (see Exhibit "D").

9. On April 17, 2019, Lunn filed this case originally as a Chapter 13 Bankruptcy. On May 2, 2019, she filed a Motion to Convert Case From Chapter 13 to Chapter 7 which was allowed by Judge Feeney on May 3, 2019.

10. The Fruman judgment in the amount of $514,369.00 is included on Lunn's Schedule E/F is an unsecured claim.

In addition, there is no valid reason for Fruman to dispute Defendant's statement that Jeffrey Fruman ("Jeff") died from an overdose while on a business trip in Hong Kong on March

12, 2013 whereas Fruman's own pleadings in the previous Suit states on page 12, paragraph 47 that "a report from Hong Kong authorities suggests that Jeffrey Furman's cause of death was the adverse effects of certain drugs" (Exhibit "A"). As for the remainder of the asserted undisputed facts, please see the Affidavit of Joanne Lunn attached hereto as Exhibit "E". There are no new facts asserted in the adversary proceeding filed by Fruman in this Court.

Without issues of material fact in dispute, the Court can proceed to determine the issues of law only. Since the original judgment was rendered by the Suffolk County Superior Court, Massachusetts law governs the preclusive effect of that judgment. *In re Lambert*, 459 B.R. 519, 522 (2011), *see also McCrory v. Spigel (In re Spigel)*, 260 F.3d 27, 33 (1st Cir.2001).

Under Massachusetts law, "res judicata" covers both claim preclusion and issue preclusion. *Id.* citing *Kobrin v. Bd. of Reg. in Medicine*, 444 Mass. 837, 832 N.E.2d 628, 634 (2005). As defined by the U.S. Court of Appeals for the First Circuit, "claim preclusion is based on the idea that the precluded litigant had the opportunity and incentive to fully litigate the claim in an earlier action, so that all matters that were or could have been adjudicated in the earlier action on the claim are considered to have been finally settled by the first judgment." *In re Sonus Networks, Inc. Shareholder Derivative Litigation*, 499 F.3d 47, 56. Fruman's statement that principles of res judicata makes no sense in the present matter is baseless. It is contrary to everything on record and Massachusetts law. Moreover, the assertion that the issues in this case are not identical to those in the prior litigation, nor that the issue of fraud had been litigated is beyond the pale of misrepresentation and simply an outright lie to this Court. The essential element in all the accusations levelled by Fruman against Lunn in the previous action were all about fraud and how her alleged fraud was also a breach of fiduciary duty to the Plaintiff and that said fraudulent conduct was made with malice to harm Fruman.

Fruman has already admitted that the previous action against Lunn was based on "Lunn's Pattern of Fraud" which was plead in detail in the previous Suit. Specifically, according to Fruman, Jay Pabian and Pabian & Russell, LLC (the so-called "Pabian Defendants") assisted Lunn "to perpetrate and continue a pattern of fraudulent conduct that harmed Paula" and asserted "Lunn stole a business" from Fruman. Exhibit "A" p.3 paragraph 5. She also asserted that "the Pabian Defendants agreed and combined with Defendant Lunn to exclude Paula improperly from the JT Electronics business" (Exhibit "A" p.15 paragraph 56) and that the Pabian Defendants planned to terminate Fruman's compensation from JT Electronics. According to Fruman, "they intended to enable Defendant Lunn to continue to perpetuate a fraud …in a manner that would exclude Paula from any benefits or value from JT Electronics (Exhibit "A" p. 17, paragraph 67).

Then under the bolded heading "**Lunn's Pattern of Fraud in Connection with JT Electronics**" the allegations just against Lunn commence in paragraph 68 p.18 through paragraph 122 p.28 of Exhibit "A" with numerous references to Lunn's "false statements", creating "sham" documents, engaging in "fraudulent and oppressive conduct", engaging in a "criminal enterprise to perpetrate a pattern of fraud", "criminal racketeering" .  Despite all these accusations, no criminal charges were ever brought by any party against Lunn.  However, it is clearly evident from Fruman's previous Suit that she not only had the opportunity but did indeed actually fully litigate all possible theories that she had or could have had against Lunn for all sorts of fraud. The current Complaint specifically references that in paragraph 64 that "The Suffolk Superior Court action expressly alleged Lunn engaged in fraud. The pleadings in that action are replete with allegations supporting the claim that Lunn acted fraudulently".

Fruman clearly presented her entire case and theories in the previous litigation and therefore had the opportunity to instruct the jury to find whether or not Lunn committed fraud

4

against Fruman. The problem for Fruman is that while all those allegations were in fact asserted, the jury verdict from the Suffolk Superior Court simply did not find that Lunn committed fraud or intentionally caused Fruman harm (See Exhibit "C"). Consequently, Fruman must be held to her pleadings for not only for what she actually pleaded but for what she could have pleaded in the previous suit as well, so that a debtor is not burdened with having to respond to serial complaints. *See In re Sonus Networks, Inc., Shareholder Derivative Litigation*, 499 F.3d 47, 61 (2007). Claim preclusion properly bars Fruman from getting a second chance to relitigate her claims against Lunn for fraud, fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny or for willful and malicious injury to her property as Fruman already accused Lunn of all of this things that have already been fully litigated.

Unless a debt falls into one of the exceptions to discharge listed in 11 U.S.C. §523, a discharge in bankruptcy discharges all claims against a debtor. Breach of contract, contrary to Fruman's denial, falls squarely within the definition of claim under 11 U.S.C. §101(5) which defines "claim" to mean a:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

In addition to the claim preclusion, Fruman is barred from relitigating her case against Lunn under issue preclusion. Fruman's Opposition to Lunn's Motion for Summary Judgment based on this issue cites nothing in support of why the four required elements of issue preclusion also known as collateral estoppel are not applicable to the case at bar. The first two requirements are irrefutable. Namely that (1) Fruman has obtained a final judgment against Lunn as entered by

5

the Suffolk County Superior Court decided after a full trial (this is an uncontested fact) and (2) that Fruman and Lunn were both parties in the previous litigation (this is an uncontestable fact). The only colorable argument Fruman can have is as to (3) that the issues raised here were actually litigated in the previous action and (4) that those issue were essential to the previous action.

The argument seems to simply be a denial. However in reality, the allegations made by Fruman in her adversary proceeding objecting to dischargeablity of Fruman's debt by Lunn is from paragraph 5 through paragraph 57 of said complaint, are identical to those she made in the in the previous action in paragraph 68 – 119 (see Exhibit "A"). They are word for word exactly the same with the only difference being the occasion reference to Fruman as Paula or Lunn as Defendant Lunn. For issue preclusion to apply the issues only need to be substantially the same. *In re Sonus Networks, Inc., Shareholder Derivative Litigation*, 499 F.3d 47, 62 (2007). That standard is exceeded here as we are looking at identical issues being raised that are essential to the entire case.

Lunn was caught between Fruman (her former friend), Jeff Fruman's estate representatives (Jay Pabian and Todd Kamens) and Jeff's father, Larry Fruman, in the battle for control for JT Electronics (See Exhibit "E" and "F", p.3). JT Electronics lost its value and biggest client, Comcast which accounted for "95% of JT Electronics' total service revenue" after Jeff's death (see Exhibit "F", p.7). The Fruman's led an international lifestyle and withdrew $700,000.00 in compensation from JT Electronics. In addition, Jeff shortly before leaving for his ill-fated trip to Hong Kong, Jeff Fruman withdrew $100,000.00 from JT Electronics (see Exhibit F, p.11).

6

After Jeff died, Lunn could not keep Fruman in the lifestyle she had become accustomed to. Lunn became the only generator of revenue left at JT Electronics (Exhibit F. p.10). She tried to keep the company afloat even though she did not have to stay as she had no employment contract with JT Electronics and "was free to leave and take her industry contacts with her" (Exhibit "F", p.7). Nonetheless, because she was asked and out of loyalty to the company and Jeff Fruman's family, Lunn tried to hold the company together to the best of her ability "as the business would likely not survive if she were to leave" (Exhibit F, p.11). Ultimately she had to leave after being made the scapegoat for the fighting factions, much to the detriment of her own mental health, finances and marriage (see Exhibit "G" attached hereto). After a years of discovery culminating in a lengthy trial at which Lunn defended herself pro se because she could no longer afford counsel, Lunn was found by a jury to not have intentionally caused emotional distress harm to Fruman but that she had breached a contract and a fiduciary duty to the Plaintiff (Exhibit "C").

Furthermore, while fraud was certainly alleged, no finding of fraud was made despite the jury having all the issues before it. The only part of the judgment against Lunn that can possibly be deemed nondischargeable is perhaps the finding of damages for breach of fiduciary duty in the amount of $10,000.00. 11 U.S.C. §523(a)(4) excepts from discharge claims that were "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny". However the Jury Verdict only says Lunn breached a fiduciary duty to Fruman and that said breach caused damages in the amount of $10,000.00 (Exhibit "C" paragraph 1-3). It does not state the breach was due to fraud, defalcation, embezzlement or larceny. Also, Plaintiff has failed to meet her burden of proof regarding her assertion that she has a claim for "willful and malicious injury" against Lunn where the jury specifically found that Lunn did not intentionally inflict emotional

7

distress on Fruman (Exhibit C, paragraphs 6 and 7). A party cannot act willfully and maliciously if it does not have intent.

Lunn is now merely seeking that this Court give the previous judgment the full faith and credit required under 28 U.S.C. § 1738 which states "a judgment rendered in a state court is entitled to the same preclusive effect in federal court as it would be given within the state in which was rendered." Id. at 56 (1st Cir. 2007). Lunn argues that doing so requires this Court find that the Plaintiff had full opportunity to try the matters in the case at bar in the previous litigation and that the final judgment that entered was by the Suffolk County Superior Court is dischargeable as a matter of law.

Wherefore the Defendant, Joanne N. Lunn, respectfully requests that this Honorable Court allow the relief she has requested in her Motion for Summary Judgment.

                                                Joanne N. Lunn
by her attorney,

*/s/ Honoria DaSilva-Kilgore*
Honoria DaSilva-Kilgore, BBO# 564202
The Law Offices of
Honoria DaSilva-Kilgore, P.C.
2 Richard Street, P.O. Box 277
Raynham, MA  02767
(508) 822-3200
hdklaw@hdklawoffices.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 7 |
| JOANNE N. LUNN | ) | CASE NO. 19-11275 MSH |
| | ) | |
| Debtor | ) | |
| PAULA FRUMAN | ) | |
| | ) | |
| Plaintiff | ) | ADVERSARY PROCEEDING |
| | ) | NO. 19-01092 |
| vs. | ) | |
| | ) | |
| JOANNE N. LUNN | ) | |
| | ) | |
| Defendant | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 20th day of February 2020, electronically served a copy of the **Reply Of Joanne N. Lunn To Plaintiff's Opposition To Defendant's Motion For Summary Judgment** attached hereto using the CM/ECF system on the following CM/ECF participants:

John Fitzgerald                               Office of the U.S. Trustee

Peter J. Duffy                                on behalf of Paula Fruman


*/s/ Honoria DaSilva-Kilgore*
Honoria DaSilva-Kilgore, BB0#564202
The Law Offices of
Honoria DaSilva-Kilgore, P.C.
2 Richard Street, P.O. Box 277
Raynham, MA 02767
(508) 822-3200
hdklaw@hdklawoffices.com

9