UNITED STATED BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: ) | | Chapter 7 |
|     JOANNE N. LUNN, ) | | Case Nos. 19-11275-MSH |
|         Debtor ) | | |
| ) | | |
| PAULA FRUMAN ) | | |
|         Plaintiff ) | | ADVERSARY PROCEEDING |
| ) | | NO. 19-01092 |
| V. ) | | |
| ) | | |
| JOANNE N. LUNN ) | | |
|         Defendant ) | | |
| ) | | |

## DEFENDANT'S OBJECTION(S) AND MOTION *IN LIMINE* REGARDING CERTAIN PLAINTIFF'S PROPOSED TRIAL EXHIBITS

Now comes the Defendant, Joanne N. Lunn ("Lunn") by and through her undersigned counsel and hereby objects to, and moves this court to exclude, the Plaintiff's proposed exhibits attached hereto as Exhibits A through L. As grounds therefore and in support thereof the Defendant states:

1. **Exhibits A through E** are a series of photographs. They do not depict either of the parties to the case nor (upon information and belief) are any of the proposed witnesses either the person who took the photographs, depicted in the photographs, nor present when the photographs were taken. Therefore, the Defendant anticipates that the Plaintiff will be unable to establish a foundation to admit the photographs into evidence. Further, the photographs do not depict

1

anything that would be relevant or otherwise admissible into evidence at trial, even if the Plaintiff could otherwise lay a foundation for their admission.

2. **Exhibit F.** This is a chain of e-mails between Attorney Nicholas Fleming and Attorney Melissa Lantto. Neither party has designated Attorney Lantto as a proposed witness. It basically seeks to confirm a statement attributed to Attorney Fleming, but contains no affirmative response from him to that statement. It references, but does not contain an affidavit that Attorney Lantto apparently prepared. It therefore contains hearsay and -- standing alone -- would be inadmissible. It would potentially be admissible through Attorney Fleming if he testifies at trial, but only for his own statement in his email and not those of Attorney Lantto contained therein.

3. **Exhibit G.** This is a letter from Mrs. Lunn's then counsel to Mrs. Fruman's counsel in 2013. Although the parties can each testify to the activities described therein, the letter itself is hearsay and does not have any independent relevance.

4. **Exhibit H.** This is an undated list of equipment with a hand-written note added which says "current Avon in Stock line gea (sic)" and "undetermined value." The Plaintiff lacks any context or foundation for the document and, without a date or value it is also irrelevant. To the extent that the Plaintiff seeks to admit it as establishing any assets or inventory of JT Electronics, without proper foundation, it would also be hearsay.

5. **Exhibit I.** This is a one page list document entitled "Tracy INVENTORY CONTROL." A hand-written "4-12-13" is added. The Plaintiff lacks any context or foundation for the document. To the extent that the Plaintiff seeks to admit it as establish any assets or inventory of JT Electronics, without proper foundation, it would also be hearsay.

6. **Exhibit J.** This is an email that appears to be from an attorney to his colleagues in turn forwarding an email from Attorney Jay Pabian. Attorney Pabian therein appears to be seeking to obtain counsel in Hong Kong immediately following Jeffrey Fruman's death. The letter is not relevant to the dispute between the parties and, to the extent that Attorney Pabian comments on the decedent, his family or businesses, it is hearsay.

7. **Exhibit K.** This is an email from Jay Pabian to Barry Pollack, Plaintiff's counsel's law partner and cc'd to Plaintiff's trial counsel. It contains hearsay. Without even stating how; Attorney Pabian relates to Attorney Pollack that he "found out" a fact that Plaintiff seeks to establish through the email. Further, the Plaintiff uses the document to allege that the Defendant tried to block a company (Marcum Associates) from conducting a valuation of JT Electronics while the Defendant herself seeks to submit the actual report generated by that same company and the Plaintiff then objects to its admissibility.

8. **Exhibit L.** This is an electronically filed Certificate of Organization dated June 24, 2013 for a company known as JFK Communications, LLC. The document

itself is irrelevant and the Plaintiff lacks foundation to admit the document into evidence unless it could be established through the Defendant,

/ s / John E. Zajac

_____
John E. Zajac, Esquire BBO#560195
CORNERSTONE LAW GROUP, LLC
One Taunton Green, Suite 2
Taunton, MA 02780
(508) 821-2552
jezesq@cs.com

## CERTIFICATE OF SERVICE

I, John E. Zajac, do hereby certify that on September 22, 2020, I served The Defendant's Objection(s) and Motion *In Limine* Regarding Plaintiff's Trial Exhibits to the Clerk of the Bankruptcy Court and via CM/ECF upon the parties who have filed notices of appearance in the Court's CM/ECF database.

Peter J Duffy
pduffy@psdfirm.com

Honoria DaSilva-Kilgore
hdklaw@hdklawoffices.com

/ s / John E. Zajac

_____
John E. Zajac, Esquire BBO#560195
CORNERSTONE LAW GROUP, LLC
One Taunton Green, Suite 2
Taunton, MA 02780
(508) 821-2552
jezesq@cs.com